UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION OF THE DEAF, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )  Case No. 3:15-cv-30024-KAR |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) |
| Defendant. | ) ) |

MEMORANDUM AND ORDER
REGARDING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
(Dkt. No. 148)

ROBERTSON, U.S.M.J.

The National Association of the Deaf, on behalf of its members and three individually named plaintiffs, C. Wayne Dore, Christy Smith, and Lee Nettles (collectively, "Plaintiffs"),[1] brought this putative class action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and Title III of the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 12181-12189 ("Title III" or "ADA"), against the Massachusetts Institute of Technology ("MIT") for failure to provide equal access for deaf and hard of hearing individuals to much of the audio and audiovisual content that MIT makes available online to the general public.  Plaintiffs seek declaratory and injunctive relief requiring MIT to provide timely, accurate captioning or transcripts of this content.

On November 4, 2016, the Honorable Mark G. Mastroianni adopted a report and recommendation denying MIT's Motion to Stay or Dismiss (Dkt. No. 24), which argued for

---

[1] On March 16, 2016, the court was notified of the death of Diane Nettles, one of the original individual plaintiffs (Dkt. No. 57).

dismissal based on the doctrine of primary jurisdiction or, alternatively, that Plaintiffs' complaint failed to state a claim (Dkt. No. 78).  The parties have since consented to this court's jurisdiction for all purposes (Dkt. No. 144).  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiffs have filed a related case against Harvard University and its governing board, the President and Fellows of Harvard College (collectively, "Harvard"), for failure to provide equal access for deaf and hard of hearing individuals to much of the audio and audiovisual content that Harvard makes available to the general public for free.  *Nat'l Ass'n of the Deaf, et al., v. Harvard University, et al.*, No. 3:15-cv-30023-KAR (D. Mass. Feb. 12, 2015).  The complaints are similar, differing only in the factual allegations relating to the locations and substance of the online content Plaintiffs attribute to Harvard and the online content they attribute to MIT.  While the court has not consolidated the cases,[2] many of the status conferences and motion hearings have been held jointly.

On December 9, 2016, MIT filed its Answer (Dkt. No. 83) and on August 24, 2018, MIT filed a Motion for Judgement on the Pleadings ("MIT's Motion") pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. No. 148).  MIT argues, as does Harvard in its Rule 12(c) motion, that it is entitled to judgment on the pleadings on the grounds that Plaintiffs have failed to state a claim under Title III because MIT's websites are not places of public accommodation under 42 U.S.C. § 12182(a); that Plaintiffs have failed to state a claim under Section 504 because MIT's online content is not an aid, benefit, or service under Section 504's implementing regulations; and that the Community Decency Act, 47 U.S.C. § 230(c)(1) shields MIT from liability as to content posted by third parties and third-party content embedded in MIT's online audiovisual

---

[2] Plaintiffs filed a motion to consolidate for purposes of discovery in the Harvard case which remains pending.

content (Dkt. No. 149).  Plaintiffs oppose MIT's motion (Dkt. No. 152).  Although the Rule 12(c) motions in the related cases are not mirror images, the arguments raised by the parties are the same.  Having carefully reviewed all of the pleadings related to MIT's Rule 12(c) motion (Dkt. Nos. 1, 83, 148, 149, 152, and 153) and all the supporting authorities cited therein and heard from the parties at oral argument, for the reasons set forth in the court's Memorandum and Order Regarding Defendants' Motion for Judgment on the Pleadings issued this same date in *National Association of the Deaf, et al., v. Harvard University, et al.*, No. 3:15-cv-30023-KAR (Dkt. No. 173), MIT's Motion is DENIED in part and GRANTED in part.

Dated:  March 28, 2019                                          /s/ Katherine A. Robertson  
                                                                             KATHERINE A. ROBERTSON  
                                                                             United States Magistrate Judge